**PROFESSIONAL COMPUTER CONSULTANTS, INC., etc., Plaintiff,**

**v.**

**PORTER INTERNATIONAL, INC., and Does 1 through 50, inclusive, Defendants,**

**PORTER INTERNATIONAL, INC., Cross–Complainant,**

**v.**

**SCANDINAVIAN AIRLINES SYSTEM, and Does I through X, Cross–Defendants.**

**No. CV 88–1080 AWT.**

United States District Court, C.D. California.

April 8, 1988.

Donald R. Worley, Worley, Schwartz, Garfield & Rice, San Diego, Cal., David Junttila, Countryman & McDaniel, Los Angeles, Cal., for cross-complainant Porter Intern., Inc.

Richard D. Hart, Lisa L. Oberg, Condon & Forsyth, Los Angeles, Cal., for cross-defendant Scandinavian Airlines System.

MEMORANDUM ORDER OF REMAND

TASHIMA, District Judge.

This is an action for damages in connection with the shipment of computer equip-

ment from Los Angeles, California to Copenhagen, Denmark. Plaintiff brought an action for damages for breach of contract and fraud in Orange County Superior Court against defendant Porter International, Inc. ("Porter"), an air freight forwarder/customs house broker. Plaintiff claims that Porter failed to collect payment for the consigned equipment, pursuant to the parties' agreement that the consignment would be shipped on a collect on delivery ("COD") basis.

Porter filed a cross-complaint in Superior Court for indemnity and declaratory relief against Scandanavian Airlines System, Inc. ("SAS"), claiming that SAS was primarily responsible for plaintiff's loss. SAS removed the action to this Court pursuant to 28 U.S.C. § 1331, claiming that the cross-complaint was governed by the Warsaw Convention. 49 Stats. 3000 (1934), T.S. No. 876, *reprinted at* 49 U.S.C. § 1502, note. Because of doubt that the activities alleged in the cross-complaint ("releasing the goods without a satisfactory bank release or letter of credit guaranteeing payment for said goods") were governed by the Warsaw Convention, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded to state court.

The Warsaw Convention covers the "international transportation of persons, baggage, or goods performed by aircraft for hire." Art. 1(1). In this case, there is no question that the computer equipment was transported by air between the United States and Denmark. However, SAS has not shown that any liability for failure to collect COD charges should be covered by the Warsaw Convention.

Article 18(1) of the Warsaw Convention provides for liability of an air carrier for "destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air." Here, the goods were neither destroyed, lost nor damaged. In fact, there is no dispute that the goods were delivered safely to their destination. SAS has, thus, fulfilled its duties as a common carrier engaged in the transportation of goods. If SAS were responsible for collecting the COD charges, it was in its separate capacity as an agent to collect the price of the goods. *See* 13 Am.Jur.2d § 454 (noting distinction, uniformly recognized by the courts, between the liability of a carrier, *qua* common carrier, with respect to the shipment of goods, and as an agent, under a private, special contract, charged with collecting money for the consignor).

There is nothing in the Warsaw Convention to suggest and neither party has cited any case which suggests, that the collection of money by an airline acting as an agent of another is an activity coming within the Warsaw Convention's Article 18.

There being no federal question jurisdiction, the Court concludes that this action was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c).

IT IS ORDERED that this action hereby is remanded to the Superior Court of the State of California for the County of Orange. Each party shall bear its own costs on removal and remand.